Fajardo v City of New York (2021 NY Slip Op 04596)





Fajardo v City of New York


2021 NY Slip Op 04596


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-06762
 (Index No. 518143/16)

[*1]Ana Fajardo, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, New York City Transit Authority, appellant, et al., defendants.


Anna Ervolina, Brooklyn, NY (Timothy O'Shaughnessy of counsel), for appellant.
Peña & Kahn, PLLC, Bronx, NY (Eric J. Gottfried of counsel), for plaintiff-respondent.
Georgia M. Pestana, Corporation Counsel, New York, NY (Aaron M. Bloom and Kevin Osowski of counsel), for defendant-respondent City of New York.
Silverman Shin & Byrne PLLC, New York, NY (Wayne S. Stanton and Michael Byrne of counsel), for defendant-respondent Dormitory Authority of the State of New York.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated March 29, 2019. The order, insofar as appealed from, denied the cross motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it and the cross claim asserted against it by the defendant New York City Transit Authority, and granted the cross motion of the defendant Dormitory Authority of the State of New York for summary judgment dismissing the complaint insofar as asserted against it and the cross claim asserted against it by the defendant New York City Transit Authority.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendant Dormitory Authority of the State of New York which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant New York City Transit Authority is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the cross motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant New York City Transit Authority payable by the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained against the City of New York, New York City Transit Authority (hereinafter the Transit Authority), and the Dormitory Authority of the State of New York (hereinafter the Dormitory Authority), among others. The plaintiff alleged that she tripped and fell on an uneven portion of a sidewalk which was near a metal ventilation grate in the sidewalk. The ventilation grating is part of the New York City subway system.
The City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Dormitory Authority and the Transit Authority separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Transit Authority argued, among other things, that it had no duty to repair the allegedly defective sidewalk condition where the plaintiff allegedly fell because the Transit Authority did not own the property abutting the sidewalk, and because the City owned the subway ventilation grating near where the plaintiff allegedly fell and therefore had a duty under Rules of City of New York Department of Transportation (34 RCNY) § 2-07(b)(2) to replace or repair any defects in the ventilation grating and repair any defective street condition found within an area extending 12 inches outward from the perimeter of the grating. In support of its assertion that the City owned the subway ventilation grating, the Transit Authority submitted a copy of a lease that was executed by the City and the Transit Authority in 1953, in which the City "lease[d]" to the Transit Authority "all of the transit facilities now owned or hereafter acquired or constructed by the City and any other materials, supplies and property incidental to or necessary for the operation of such transit facilities," and "authorize[d]" the Transit Authority to "take jurisdiction, control, possession and supervision of such transit facilities, materials, supplies and property."
In an order dated March 29, 2019, the Supreme Court granted the City's motion and the Dormitory Authority's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them and denied the Transit Authority's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Transit Authority appeals.
The Transit Authority established its prima facie entitlement to judgment as a matter of law. In support of its cross motion, the Transit Authority demonstrated, prima facie, that it owed no statutory duty under 34 RCNY 2-07(b), which requires "owners" of gratings on a sidewalk to monitor the condition of the gratings and the area extending 12 inches outward from the edge of the gratings, and to replace or repair any grating found to be defective, and repair any defective street condition found within an area extending 12 inches outward from the perimeter of the grating (34 RCNY 2-07[b][1], [2]; see Nyack v City of New York, 153 AD3d 1266; Shehata v City of New York, 128 AD3d 944, 946). The terms of the lease executed by the City and the Transit Authority demonstrate, prima facie, that the City is the owner of the subway ventilation grating, which is located in the sidewalk in the area near where the plaintiff allegedly fell. Therefore, the Transit Authority demonstrated, prima facie, that the City, and not the Transit Authority, owed a nondelegable duty under 34 RCNY 2-07(b) to monitor the condition of the ventilation grating and the area of the sidewalk extending 12 inches outward from the perimeter of the grating (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167; Roa v City of New York, 188 AD3d 504). In addition, the Transit Authority demonstrated, prima facie, that it did not create the alleged defect in the sidewalk or cause the defect to occur through any special use of the sidewalk (see Frazier v Hunte, 188 AD3d 1162; John v City of New York, 77 AD3d 792, 793; Reich v Meltzer, 21 AD3d 543, 544; Savage v Shah, 297 AD2d 795, 796). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the Transit Authority's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
The parties' remaining contentions either are without merit, need not be addressed in light of our determination, or are not properly before this Court.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court