Garrett v City of New York (2023 NY Slip Op 06593)

Garrett v City of New York

2023 NY Slip Op 06593

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 160103/16 Appeal No. 1194 Case No. 2022-03767 

[*1]Yvette Garrett, Plaintiff-Respondent,
v
The City of New York, Defendant-Appellant, The New York City Transit Authority, Defendant-Respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for appellant.
Anna J. Erovolina, MTA Law Dept, Brooklyn (Yolanda Ayala of counsel), for The New York City Transit Authority, respondent.
Brenda Barros, West Orange, for Yvette Garrett, respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered July 27, 2022, which, insofar as appealed from, denied defendant City of New York's (the City) motion for summary judgment dismissing the complaint and all cross-claims as against it, or, alternatively, in effect, on so much of its cross-claim against defendant New York City Transit Authority (NYCTA) as is for contractual indemnification, unanimously affirmed, without costs.
Plaintiff's alleged accident occurred when she tripped on the height differential between a subway grate and sidewalk paving stones in Foley Square. The City claims that plaintiff failed to adequately identify the cause of her fall. Additionally, the City and NYCTA each contend that the other was responsible for the height differential condition. The City further argues that it is entitled to contractual indemnification from NYCTA under the terms of their lease agreement (the agreement).
Contrary to the City's argument, plaintiff sufficiently identified the condition that allegedly caused her fall (see e.g. Cuevas v City of New York, 32 AD3d 372, 372-373 [1st Dept 2006]; see generally Alvarado v Grocery, 183 AD3d 447, 447 [1st Dept 2020]; Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]). The totality of plaintiff's testimony, across her hearings pursuant to Public Authorities Law § 1212 (5) and General Municipal Law § 50-h and her examination before trial, in addition to the photographs that she marked during her testimony, is that she fell when her left foot came into contact with a height differential between the subway grate and the sidewalk, which here was composed of hexagonal paving stones (pavers or hex blocks). Plaintiff was not required to identify the exact spot of the height differential with which her foot came into contact (see Acunia v New York City Dept. of Educ., 68 AD3d 631, 631-632 [1st Dept 2009]), and any inconsistencies in her testimony or assessments of her credibility are for the trier of fact (see Alvarado, 183 AD3d at 447; Cuevas, 32 AD3d at 373).
As for the duty to maintain and repair the grate under Rules of the City of New York Department of Transportation (34 RCNY) § 2-07 (b) (see Storper v Kobe Club, 76 AD3d 426, 427 [1st Dept 2010]), both the City and NYCTA disclaim responsibility. The City argues that the terms of the agreement have the effect of transferring maintenance and repair duties under 34 RCNY 2-07 (b) — regardless of whether NYCTA merely maintains and controls the grate or also "owns" it per the terms of the lease. NYCTA, on the other hand, contends that the obligations under 34 RCNY 2-07 (b) remain with the City since NYCTA is a mere lessee of the grate and, moreover, 34 RCNY 2-07 (b) contains no exception for out-of-possession landlords. Separately, the City argues it should have been awarded contractual indemnification from NYCTA pursuant to the agreement.
First, the City's argument that NYCTA owns the subway grate at issue is unavailing[*2]. The agreement provides that the City "transfer[red] to [NYCTA] title and ownership to the materials and supplies incidental to or necessary for the operation of the transit facilities" (emphasis added). The agreement did not transfer ownership, however, of "transit facilities and . . . property incidental to or necessary for the operation of such transit facilities" (emphasis added), which under the agreement's plain terms were merely "lease[d]" to NYCTA. Since subway grates are encompassed by "transit facilities and . . . property incidental to or necessary for the operation of such transit facilities," the agreement thus demonstrates that the City is the owner of the subway grate at issue (see Fajardo v City of New York, 197 AD3d 456, 458-459 [2d Dept 2021]).
Additionally, NYCTA correctly argues that 34 RCNY 2-07 (b) contains no exception for out-of-possession landlords and, therefore, the City is responsible under the rule for the grate as well as "the area extending twelve inches outward from the edge of the . . . grating" (34 RCNY 2-07 [b] [1]; cf. Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 173-174 [2019]). Accordingly, Supreme Court properly denied the City's motion to the extent it sought summary judgment dismissing plaintiff's claims as against it.
The City's claim seeking contractual indemnification from NYCTA is based on a provision of the agreement specifying that NYCTA "shall be responsible for the payment of, discharge of, defense against, and final disposition of, any and all claims, actions, or judgments . . . resulting from any accident or occurrence arising out of or in connection with the operation, management, and control by [NYCTA] of the Leased Property." "Leased Property" includes subway grates as "transit facilities and . . . property incidental to or necessary for the operation of such transit facilities." Although NYCTA acknowledges that it was responsible for maintaining the grate under the agreement, it argues that the City was responsible for the surrounding pavers.
NYCTA Superintendent Burim Marke testified that NYCTA is responsible for maintenance, cleaning, and inspection of subway grates and the surrounding concrete framing up to eight inches. Significantly, Marke's testimony regarding the most common concrete borders and steel framing of subway grates suggests that "property incidental to or necessary for the operation of such transit facilities" may generally not be limited to the grate itself but also include some of the surrounding area. Regarding the pavers at issue here, Marke testified that if he noticed an issue with them, he would "make an attempt to find out who is responsible," indicating that the pavers fall outside the responsibility of NYCTA. Marke also testified that he noticed "some settling" of the pavers surrounding the grate during an inspection in April 2015, which was five months prior to plaintiff's accident.
Department of Parks & Recreation (the Parks Department) supervisor Dorothy Rowan [*3]testified that the area where plaintiff fell, including the pavement, sidewalk, and hex blocks, is inspected every week for potential hazards, and that any defects in the pavement or hex blocks would be noted and thereafter remedied by the Parks Department. She further stated that "inspecting and maintaining" the hex blocks abutting the subway grate fell under the purview of the Parks Department. Rowan also testified that NYCTA would be notified of any perceived defects in the subway grate itself.
Accordingly, on this record and under the agreement, NYCTA would be responsible if any defect of the grate itself caused plaintiff's accident. However, there is an issue of fact regarding the City's entitlement to contractual indemnification since the record does not establish whether NYCTA or the City was responsible for the height differential at issue. Supreme Court therefore also properly denied that branch of the City's motion as was for summary judgment on so much of its cross-claim against NYCTA as was for contractual indemnification.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023