Pena v Rhodes 2 L.L.C. (2024 NY Slip Op 05312)

Pena v Rhodes 2 L.L.C.

2024 NY Slip Op 05312

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 155145/19 Appeal No. 2920 Case No. 2024-00743 

[*1]Eudelia Pena, Plaintiff-Respondent,
v
Rhodes 2 L.L.C., Defendant-Appellant, Oxford 2 Deli Grocery Inc., Defendant-Respondent.

Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant.
Law Offices of Michael E. Pressman, New York (Benjamin L. Zepnick of counsel), for Oxford 2 Deli Grocery Inc., respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 26, 2024, which, insofar as appealed from, denied Rhodes 2 L.L.C.'s motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
Plaintiff's testimony was sufficient to raise a triable issue of fact concerning whether the cause of her fall was an imbalance in the slope or smoothness of the subject ramp (see Garrett v City of New York, 222 AD3d 554, 555 [1st Dept 2023]). Moreover, plaintiff's expert opined that the slope of the ramp was too steep, which may reasonably be interpretated to mean that the ramp was not properly balanced. Such submissions were sufficient to provide a jury with more than speculation concerning the cause of plaintiff's fall.
Rhodes argues that plaintiff's expert's affidavit should be disregarded because he cites numerous conditions on the ramp that played no part in the accident based on the evidence in the record. While portions of the affidavit should be disregarded because there is no evidence supporting some alleged code violations and conditions as a cause of the accident, plaintiff's testimony may be reasonably interpreted to support the expert's opinion that plaintiff fell because the incline of the ramp was too steep.
The court properly declined to dismiss Oxford's cross-claims against Rhodes for contribution and common-law indemnification because Rhodes failed to demonstrate, as a matter of law, that it bore no responsibility for the allegedly hazardous condition of the ramp. A jury may find that the ramp was a special use of the sidewalk, and therefore, a duty was imposed on Rhodes to make it reasonably safe regardless of whether Rhodes installed or maintained it (see Boneventura v 60 W. 57 Realty LLC, 157 AD3d 502 [1st Dept 2018]). Rhodes also failed to show that it was free from any negligence and was liable solely by virtue of a statute (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). Rhodes's principal testified that he and his employees regularly visited the building and repaired portions of the sidewalk abutting the deli. Thus, a jury may find that it was negligent in failing to correct the allegedly improper slope of the ramp.
We have considered Rhodes' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024