Ramirez v 79-05/07/09 Jackson Hgts. Prop. LLC (2025 NY Slip Op 06037)

Ramirez v 79-05/07/09 Jackson Hgts. Prop. LLC

2025 NY Slip Op 06037

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 809408/21|Appeal No. 5100|Case No. 2024-07721|

[*1]Julio Ramirez, Plaintiff-Respondent,
v
79-05/07/09 Jackson Heights Property LLC et al., Defendants-Appellants, Melao, Also Known as Club Melao, etc., Defendant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellants.
The Feinsilver Law Group, P.C., Brooklyn (H. Jonathan Rubinstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 13, 2024, which, to the extent appealed from, denied the motion of defendants 79-05/07/09 Jackson Heights Property LLC and Estey Corp. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants failed to establish their prima facie entitlement to summary judgment, as they failed to show that plaintiff was unable to identify the defect that caused his injury (see Siegel v City of New York, 86 AD3d 452, 454 [1st Dept 2011]). During his deposition, plaintiff stated unequivocally that it was a broken step which caused his fall. When shown photographs of the area where he fell, plaintiff consistently and repeatedly identified the defect that caused his fall. Although plaintiff testified that he did not see the broken step until after the accident, when he was shown photographs of the area at his deposition, his testimony was not speculative but merely raises an issue of plaintiff's credibility, which is one for the factfinder to determine (see e.g. Garrett v City of New York, 222 AD3d 554, 555 [1st Dept 2023]). Because defendants failed to eliminate all material issues of fact, their motion was properly denied regardless of the sufficiency of the opposition papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025