| |
|---|
| **Hosbein v New York City Tr. Auth.** |
| 2026 NY Slip Op 30662(U) |
| February 24, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 154579/20219 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                          PART                21

*Justice*

-----------------------------------------------------------------------------X

MARK HOSBEIN,

|  |  |
|---|---|
| INDEX NO. | 154579/2019 |
| MOTION DATE | 05/12/2025 |
| MOTION SEQ. NO. | 003 |

Plaintiff,

- v -

THE NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, THE
CITY OF NEW YORK, KENNEDY ORGANICS
LLC,CHARLIE BIRD RESTAURTANT, DELICIOUS
HOSPITALITY LLC and DONCASTER REALTY, LLC,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 80-87, 89-90, 94-95, 97-128

were read on this motion to/for                        DISMISSAL                        .

Upon the foregoing documents, it is **ORDERED** that the motion by defendants New York City Transit Authority (NYCTA) and Metropolitan Transportation Authority (MTA) (collectively, the Transit Defendants) "for an order pursuant to CPLR 3211(a)(7) and CPLR 3212 dismissing the complaint as against defendants" (notice of motion [NYSCEF Doc. No. 80]) is **DENIED**, with leave to renew after completion of the deposition(s) of the Transit Defendants, but no later than 120 days after the filing of the note of issue.

In this action, plaintiff Mark Hosbein alleges that, on May 31, 2018, he was walking on a sidewalk along Sixth Avenue between Kings Street and East Houston Street when "his left foot became caught in a hole in broken sidewalk bricks causing an avulsion fracture of the fifth metatarsal of the same left foot" (Transit Defendants' exhibit A in support of motion [NYSCEF Doc. No. 82] notice of claim at pdf page 3 of 16). Plaintiff further asserted in his notice of claim that "[t]he defect is as deep as 14 inches with varying depths of 5-10 inches" and that "the defect is 10 inches to the edge of the subway grating" and "five feet and eight inches to the curb" (*id.*).

Among others, plaintiff attached to his notice of claim the following photographs depicting the area of the defect:

154579/2019   HOSBEIN, MARK vs. NEW YORK CITY TRANSIT                 Page 1 of 4
Motion No.  003

1 of 4

[* 1]





(*id*. at pdf pages 7, 9 of 16 [photographs cropped]).

On this motion, the Transit Defendants assert that the evidence in plaintiff's notice of claim establishes that the defect that allegedly caused plaintiff's fall was "10 inches from the edge of the subway grating" (affirmation of counsel for Transit Defendants in support of motion [NYSCEF Doc. No. 81] ¶ 6). Citing *Fajardo v City of New York*, (197 AD3d 456 [2d Dept 2021]), the Transit Defendants contend that this evidence establishes "that the City, and not the Transit Authority, owed a nondelegable duty under 34 RCNY 2–07(b) to monitor the condition of the ventilation grating and the area of the sidewalk extending 12 inches outward from the perimeter of the grating" (affirmation of counsel for the Transit Defendants in support of motion ¶ 23, quoting *Fajardo*, 197 AD3d at 459).

**154579/2019   HOSBEIN, MARK vs. NEW YORK CITY TRANSIT**
**Motion No.  003**

**Page 2 of 4**

2 of 4

[* 2]

In opposition, plaintiff argues that summary judgment should be denied as premature, because the Transit Defendants have not appeared for depositions in this case (*see* affirmation of plaintiff's counsel ¶ 25 [NYSCEF Doc No. 120]). Defendants Doncaster Realty LLC, Kennedy Organics LLC, Charlie Bird Restaurant and Delicious Hospitality, LLC (collectively, the Doncaster/Charlie Bird Defendants) similar argue that the motion is premature (*see* affirmation of counsel ¶¶ 60-70 [NYSCEF Doc. No. 98). The Doncaster/Charlie Bird Defendants submit photographs that appear to indicate that sunken brick area has since been repaired (*see* exhibit J in opposition [NYSCEF Doc. No. 108]).

In reply, the Transit Defendants assert that the NYCTA does not employ bricklayers, and therefore could not have repaired the area adjacent to the subway grate. They submit an affidavit from Vincent Fevola, who avers that the "New York City Transit Authority does not employ, and has never employed during my tenure, any bricklayers for any maintenance work regarding grates. Further New York City Transit Authority does not use bricks to perform any repairs or installations around vent grating. To the extent that repairs need to be done, Transit works solely with concrete" (Fevola aff. ¶ 6 [NYSCEF Doc. No. 124]).

In a sur-reply permitted by the court, plaintiff argues that Fevola's affidavit is self-serving, conclusory, and unsupported (sur-reply affirmation of plaintiff's counsel ¶ 3 [NYSCEF Doc. No. 126]). The Doncaster/Charlie Bird Defendants argue that depositions are required given Fevola's affidavit (*see* affirmation of counsel ¶ 20 [NYSCEF Doc No. 127]).

As the Transit Defendants correctly point out, *Fajardo* establishes that, under 34 RCNY 2-07 (b), the City, and not the Transit Defendants, has a nondelegable duty under 34 RCNY 2-07 (b) to maintain a subway grate and the area extending 12 inches outward from the edge of the subway grate (*Garrett v City of New York*, 222 AD3d 554, 556 [1st Dept 2023]).

However, to meet their prima facie burden, the Transit Defendants must also show that they did not cause or create the alleged defect (*see e.g. Fatty v City of New York*, 232 AD3d 415, 416 [1st Dept 2024]; *Briggs v Pick Quick Foods, Inc.*, 103 AD3d 526, 526 [1st Dept 2013]). The Transit Defendants did not submit any evidence with their initial moving papers to meet this burden.[1]

In the court's view, Fevola's affidavit was not sufficient to address whether the Transit Defendants had not caused nor created the alleged defect. Fevola's affidavit only speaks to the likelihood of whether the Transit Defendants had repaired the defect.

---

[1] Unlike this case, in *Fajardo*, the Transit Authority had also demonstrated that "it did not create the alleged defect in the sidewalk or cause the defect to occur through any special use of the sidewalk" (*Fajardo*, 197 AD3d at 459).

**154579/2019   HOSBEIN, MARK vs. NEW YORK CITY TRANSIT**
**Motion No.  003**

Page 3 of 4

[* 3]

Because the Transit Defendants have failed to eliminate all material issues of fact, their motion for summary judgment is therefore denied.

**ENTER:**

20260224184531RTSAI3DDE62EDCC1B4F70BADCD856CC79CD9B

| **2/24/26** | | **RICHARD TSAI, J.S.C.** |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154579/2019   HOSBEIN, MARK vs. NEW YORK CITY TRANSIT**
**Motion No.  003**

**Page 4 of 4**

[* 4]